**GOVERNMENT OF THE VIRGIN ISLANDS, and the VIRGIN ISLANDS GOVERNMENT DEPARTMENT OF PUBLIC WORKS, Appellants/Defendants**

**v.**

**AMORITE CONNOR, as the Personal Representative and Special Administrator of the Estate of Dale Orrin Connor, Appellee/Plaintiff**

S. Ct. Civil No. 2013-0095

Supreme Court of the Virgin Islands

February 24, 2014

598

JENNIFER LYNN AUGSPURGER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellants*.

BRITAIN H. BRYANT, ESQ., Bryant Barnes Blair & Benoit, LLP, St. Croix, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(February 24, 2014)

PER CURIAM. This matter comes before the Court pursuant to an appeal brought by the Government of the Virgin Islands and the Department of Public Works ("DPW") from the Superior Court's September 4, 2013 Opinion and Order, which entered judgment against them and in favor of the Estate of Dale Orrin Connor. Since the Superior Court erroneously invoked section 4 of title 1 of the Virgin Islands Code — an effectively repealed statute — in automatically and mechanistically applying the Restatements of the Law to the underlying claims, we summarily reverse and remand the case to the Superior Court for further proceedings. *See* V.I.S.CT. I.O.P. 9.4.

## I. BACKGROUND

On December 1, 2010, Amorite Connor, as administrator of the Estate, filed suit against the Government and the DPW, asserting claims for

wrongful death and survival benefits. The Superior Court held a bench trial on June 17, 2013, and issued factual findings and legal conclusions in the September 4, 2013 Opinion. In its September 4, 2013 Opinion, the Superior Court applied numerous sections of the Restatements promulgated by the American Law Institute, including RESTATEMENT (SECOND) OF TORTS §§ 282, 912, 924; RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR PHYSICAL AND EMOTIONAL HARM § 3; and RESTATEMENT (THIRD) OF AGENCY §§ 2.04, 7.03, 7.07. In a footnote, the Superior Court stated that it followed these provisions because

> In the Virgin Islands, "the rules of the common law, as expressed in the restatements of the law approved by the American Law Institute . . ." provide the substantive law if there is no local law to the contrary. See Section 4 of Title 1 of the Virgin Islands Code Ann. (2006). *See also Diana Banks et al. v. International Rental*, 55 V.I. 967 (V.I. 2011)).

(Op. 4 n.2 (punctuation and formatting in original).) The Superior Court awarded the Estate $145,728.11 in damages, and the Government and the DPW timely filed their notice of appeal on October 29, 2013. *See* V.I.S.CT.R. 5(a)(1) ("[I]f the Government of the Virgin Islands . . . or an officer or agency thereof is a party, the notice of appeal may be filed . . . within 60 days" after "the date of the entry of the judgment or order appealed from.").

■ This Court, in a January 17, 2014 Order, noted that the Superior Court's September 4, 2013 Opinion conflicted with *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967, 979 (V.I. 2011), and other decisions in which we have emphasized that the Legislature implicitly repealed 1 V.I.C. § 4 through its adoption of 4 V.I.C. § 21 in 2004. *See Simon v. Joseph*, 59 V.I. 611, 622 n.1 (V.I. 2013). Rather, this Court has instructed that, instead of mechanistically following the Restatements, courts should consider "three non-dispositive factors" to determine Virgin Islands common law: "(1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands." *Id.* at 623 (citing *Matthew v. Herman*, 56 V.I. 674, 680-81 (V.I. 2012)). Therefore, since the Superior Court failed to apply this analysis, we directed the parties to brief the issue of whether we should summarily reverse the September 4, 2013 Opinion. The parties timely filed their briefs on January 30, 2014.

## II. JURISDICTION

We have jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a).

## III. LEGAL STANDARD AND STANDARD OF REVIEW

■ "This Court may summarily affirm, reverse, vacate, or otherwise modify a Superior Court decision without full briefing and oral argument 'if it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action,' provided that the parties receive 'an opportunity to submit argument in support of or in opposition to such disposition. . . .' " *Mustafa v. Camacho*, 59 V.I. 566, 570 (V.I. 2013) (quoting V.I.S.Ct. I.O.P. 9.4). "In other words, '[t]o invoke our discretion to grant summary relief, it is sufficient to demonstrate . . . that the basic facts are both uncomplicated and undisputed; and, that the trial court's ruling rests on a narrow and clear-cut issue of law.' " *Id.* (quoting *Oliver T. Carr Mgmt., Inc. v. National Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979)). "[T]he granting of summary disposition is not an extraordinary remedy," but "an essential part of [a] court's system of case management that allows the court to manage its very large case load." *Id.* (quoting *Watson v. United States*, 73 A.3d 130, 131 (D.C. 2013)). Since all parties to this appeal have been given the opportunity to brief the issue of summary reversal, this matter is ripe for summary action. V.I.S.Ct. I.O.P. 9.4 ("Before taking summary action, the panel will afford the parties an opportunity to submit argument in support of or in opposition to such disposition if briefs on the merits have not already been filed.").

When an appeal involves a pure question of law, this Court exercises plenary review. *V.I. Narcotics Strike Force v. Pub. Emp. Relations Bd.*, 60 V.I. 206, 213 (V.I. 2013) (citing *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 399 (V.I. 2008)). Similarly, we review issues of statutory interpretation *de novo*. *In re Estate of George*, 59 V.I. 913, 922 (V.I. 2013) (citing *Kelley v. Gov't of the V.I.*, 59 V.I. 742, 746 (V.I. 2013)).

## IV. DISCUSSION

In their respective briefs, all parties concede that *Banks* and its progeny control this matter. Nevertheless, the Estate argues that reversal and remand is not appropriate because, while the September 4, 2013 Opinion cites to the former 1 V.I.C. § 4 and states that the Restatements provide the substantive law in the Virgin Islands, the Superior Court also referenced our decision in *Banks* in a "see also" citation in that same footnote. The Government and the DPW note that, notwithstanding this citation, "the Superior Court failed to undertake any analysis under *Banks* to determine if the various Restatement sections referenced in its Opinion . . . should be applied to the matter before it," but on the contrary "did exactly what [this Court in] *Banks* had cautioned against — it 'automatically and mechanistically' relied upon and applied various Restatement provisions." (Appellants' Br. 3.)

■ ■ We agree that the Superior Court, by citing to *Banks* yet nonetheless failing to perform a *Banks* analysis and instead applying the former 1 V.I.C. § 4, committed error. *See, e.g.*, *Jones v. Hardy*, 727 F.2d 1524, 1529 (Fed. Cir. 1984) (holding trial court erred when pivotal precedent "was cited but its guidance was not applied"). As we have explained, mechanistic and uncritical reliance on the Restatements has the effect of inappropriately delegating the judicial power of the Virgin Islands to the American Law Institute and to the governments of other jurisdictions, without any regard for determining the best rules for the Virgin Islands. *Banks*, 55 V.I. at 980 (collecting cases). In fact, one commentator has observed that "[t]he wholesale adoption of the Restatements might fairly be described as an invasion" and that the resulting "interruption of the normal common-law-making process may actually be affirmatively harmful" to the Virgin Islands. Kristen David Adams, *The Folly of Uniformity? Lessons From the Restatement Movement*, 33 HOFSTRA L. REV. 423, 456-57 (2004). While such blind reliance on the Restatements may have been justified prior to section 4's implicit repeal in 2004, it is clear that, since the creation of this Court, the Restatements no longer hold an automatic preferred status in Virgin Islands law, but as in all other jurisdictions, merely represent persuasive authority, just like law review commentaries and decisions rendered by courts outside of the Virgin Islands. *See, e.g.*, *Brunn v. Dowdye*, 59 V.I. 899, 911 n.10 (V.I. 2013) ("[T]he Restatements no longer constitute the

rules of decision in Virgin Islands courts."); *Banks v. Int'l Rental & Leasing Corp.*, 680 F.3d 296, 299, 56 V.I. 999 (3d Cir. 2012) ("[I]n a commendably thorough and very well reasoned opinion, the Supreme Court of the Virgin Islands explained . . . that the Legislature did not intend for section 4 of title 1 to compel this Court to mechanically apply the most recent Restatement.") (internal quotation marks omitted); *In re Manbodh Asbestos Litig. Series*, 47 V.I. 215, 226 n.7 (V.I. Super. Ct. 2005) ("Most other jurisdictions view the Restatements as merely an adjunct in their consideration of legal issues."); *see also Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995).

 Thus, the Superior Court, when considering a question not foreclosed by prior precedent from this Court, must perform a three-part analysis as set forth in *Banks*. The first step in the analysis — whether any Virgin Islands courts have previously adopted a particular rule — requires the Superior Court to ascertain whether any other local courts have considered the issue and rendered any reasoned decisions upon which litigants may have grown to rely. *See, e.g., Banks*, 55 V.I. at 981. The second step — determining the position taken by a majority of courts from other jurisdictions — directs the Superior Court to consider all potential sides of an issue by viewing the potentially different ways that other states and territories have resolved a particular question. *See, e.g., Simon*, 59 V.I. at 623-625. Finally, the third step in the *Banks* analysis — identifying the best rule for the Virgin Islands — mandates that the Superior Court weigh all persuasive authority both within and outside the Virgin Islands, and determine the appropriate common law rule based on the unique characteristics and needs of the Virgin Islands. *See, e.g., Matthew*, 56 V.I. at 683-84; Adams, 33 HOFSTRA L. REV. at 424.

 We also do not believe that the Superior Court's failure to perform a *Banks* analysis "is sufficiently minor so as not to affect the substantial rights of the parties." V.I.S.CT.R. 4(i). Because this Court reviews questions of law *de novo*, we clearly possess the authority to disregard the Superior Court's legal analysis — or lack thereof — and consider the *Banks* factors *sua sponte* for the first time on appeal. *See, e.g., Matthew*, 56 V.I. at 681-84 (performing such an analysis on appeal when Superior Court opinion pre-dated *Banks*); *accord Browne v. Gore*, 57 V.I. 445, 453 n.5 (V.I. 2012) (the Supreme Court "could, in the interests of judicial economy, exercise [its] discretion to address [an] issue as part of [an] appeal, as [has been] done in other cases in which [the] Court applies the

same legal standard as a Superior Court judge") (citing *United Corp. v. Tutu Park Ltd.*, 55 V.I. 702, 708 n.3 (V.I. 2011), *Martin v. Martin*, 54 V.I. 379, 385 (V.I. 2010), and *Hodge v. McGowan*, 50 V.I. 296, 310-11 (V.I. 2008)). Nevertheless, we do not believe doing so is appropriate in this case. As we explained in *Banks* itself, the Superior Court possesses, in the absence of binding precedent from this Court, concurrent authority with this Court to shape Virgin Islands common law. 55 V.I. at 977-78. Our observation that the Superior Court has this authority is no accident. "[W]ithin every judicial system in the United States," including the Virgin Islands, "courts are arranged in a pyramid," with "trial courts at its base" and "a single court at the top with ultimate authority." Richard K. Greenstein, *Why the Rule of Law?*, 66 LA. L. REV. 63, 71 (2005). Although the Legislature vested this Court with the supreme judicial power of the territory, 4 V.I.C. § 21, original jurisdiction to adjudicate particular legal issues in the first instance remains a function of the Superior Court, *see* 4 V.I.C. § 76, to be disturbed only in truly extraordinary situations. *See, e.g., In re Brady*, 51 V.I. 112, 115 (V.I. 2009) (holding that transfer of case from Superior Court to Supreme Court, without more, would not be warranted even if "the case involves purely legal questions of statutory and constitutional construction"); V.I.S.CT.R. 4(h) (stating that issues not fairly presented to the Superior Court may not be presented for review on appeal unless required in the interests of justice). The reason for this is clear: "independent decisions of lower courts will improve the quality of appellate decisions." Lewis A. Kornhauser, *Adjudication by a Resource-Constrained Team: Hierarchy and Precedent in a Judicial System*, 68 S. CAL. L. REV. 1605, 1626 (1995); *cf. In re Suspension of Welcome*, 58 V.I. 236, 259 (V.I. 2013) ("[W]hile we possess the power to completely disregard the EGC's findings, we do not believe that it would be desirable to do so. Although we do not defer to its recommended sanction, this Court clearly benefits from the EGC's input . . . ."). Consequently, we conclude that the Superior Court should conduct the appropriate *Banks* analysis in the first instance. *Accord Browne*, 57 V.I. at 453 n.5.

## V. CONCLUSION

■ The power to shape the common law is amongst the most important powers vested in a judicial officer, and one which Virgin Islands judges only recently attained. Because the Superior Court abdicated its duty to

ascertain Virgin Islands common law and instead relied on an implicitly repealed statute to mechanistically apply the Restatements, we reverse the September 4, 2013 Opinion and Order and remand the case. On remand, the Superior Court, consistent with *Banks* and its progeny,[1] should determine, on the record, the appropriate common law rules by first ascertaining whether any Virgin Islands courts have previously adopted a particular rule, then identifying the position taken by a majority of courts from other jurisdictions, and finally determining which approach represents the soundest rule for the Virgin Islands. Because we order a case remand rather than a record remand, *see Hypolite v. People*, 51 V.I. 97, 102-03 (V.I. 2009), the Superior Court is empowered to alter any of

---

[1] As we noted in our January 17, 2014 Order, two of the seven Restatement provisions relied upon by the Superior Court in its September 4, 2013 Opinion had previously been cited by this Court as persuasive authority. As we first indicated in *Banks*, the Superior Court may only determine Virgin Islands common law to the extent it is not bound by precedent from this Court. 56 V.I. at 999. Nevertheless, we left unclear the precedential value of "some of our earliest cases" issued prior to *Banks* where "we have cited to section 4 to apply Restatement provisions without first determining whether . . . the Restatement approach represents the sounder rule. . . ." *Id.* at 984 n.9. Additionally, this Court has repeatedly held that the Superior Court should treat decisions of the United States Court of Appeals for the Third Circuit and the Appellate Division of the District Court as binding precedent with respect to issues of local law. *See, e.g., In re People of the V.I.*, 51 V.I. 374, 389 n.9 (V.I. 2009). However, in many such cases, Virgin Islands common law had been determined through rote application of 1 V.I.C. § 4 without any further analysis.

Since then, this Court has adopted the practice of not blindly following its pre-*Banks* decisions which were predicated solely on 1 V.I.C. § 4, but instead determining whether the three *Banks* factors justify continued reliance on the Restatement. *See, e.g., Perez v. Ritz-Carlton (V.I.), Inc.*, 59 V.I. 522, 529 n.5 (V.I. 2013) (noting that pre-*Banks* decision adopting RESTATEMENT (SECOND) OF TORTS § 343 had relied on 1 V.I.C. § 4 and may require reconsideration in a future case); *Joseph v. Daily News Publishing Co.*, 57 V.I. 566, 585 n.10 (V.I. 2012) (considering *Banks* factors with respect to whether to continue to follow pre-*Banks* decision that had adopted RESTATEMENT (SECOND) OF TORTS § 558 based solely on 1 V.I.C. § 4). Given that this Court has elected not to perpetuate its own prior erroneous reliance on 1 V.I.C. § 4, we conclude that the Superior Court, too, should not be foreclosed from departing from those holdings in an appropriate case, provided that it thoroughly explains the reasoning for its decision. *See, e.g., People v. Velasquez*, 60 V.I. 22, 30-31 (V.I. Super. Ct. 2014) (noting that consideration of *Banks* factors may warrant partial reconsideration of a pre-*Banks* Supreme Court decision). Accordingly, we take this opportunity to clarify that while all decisions of this Court, the Third Circuit, and the Appellate Division should be considered with respect to the first *Banks* factor, the Superior Court need not consider itself foreclosed from adopting a different common law rule if those decisions were wholly based on a belief that application of the Restatements or the majority rule was mandatory pursuant to 1 V.I.C. § 4 as in effect prior to this Court's ruling in *Banks*.

its prior holdings to the extent it concludes that its consideration of the three *Banks* factors does not support its previous reliance on the Restatements, and upon issuance of a new final judgment either party may return this matter to this Court through the filing of a new notice of appeal.