# IN RE: AMORITE CONNOR, as the Personal Representative and Special Administrator of the Estate of Dale Orrin Connor, Petitioner

S. Ct. Civil No. 2014-0058

Supreme Court of the Virgin Islands

September 26, 2014

BRITAIN H. BRYANT, ESQ., Bryant Barnes Blair & Benoit, LLP, St. Croix, USVI, *Attorney for Petitioner.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(September 26, 2014)

PER CURIAM. This matter is before the Court on a petition for writ of mandamus filed by Amorite Connor, requesting that this Court order the Superior Court of the Virgin Islands to appoint Darryl Dean Donohue Sr. as a senior sitting judge to preside over a matter captioned *Connor v. Gov't of the V.I.*, Super. Ct. Civ. No. 518/2010 (STX). For the reasons that follow, we deny the petition.

## I. PROCEDURAL HISTORY

On December 1, 2010, Connor, as administrator of the Estate of Dale Orrin Connor, sued the Government of the Virgin Islands and the Department of Public Works ("DPW"), asserting claims for wrongful death and survival benefits. The case was assigned to Judge Donohue, who held a bench trial on June 17, 2013, and issued factual findings and legal conclusions in a September 4, 2013 opinion. In that opinion, Judge Donohue applied numerous sections of the Restatements promulgated by the American Law Institute, including RESTATEMENT (SECOND) OF TORTS §§ 282, 912, and 924 (1965), RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR PHYSICAL AND EMOTIONAL HARM § 3 (2010), and RESTATEMENT (THIRD) OF AGENCY §§ 2.04, 7.03, and 7.07 (2006), which he concluded were applicable pursuant to title 1, section 4 of the Virgin Islands Code. Ultimately, the September 4, 2013 opinion and accompanying order awarded $145,728.11 in damages to the Estate.

The Government and DPW appealed the September 4, 2013 opinion to this Court. This Court, in a February 24, 2014 opinion, held that the Superior Court committed reversible error by treating the Restatements as binding authority notwithstanding this Court's decisions in *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011), *Matthew v.*

*Herman*, 56 V.I. 674 (V.I. 2012), and their progeny, which held that 1 V.I.C. § 4 had been implicitly repealed and that the Superior Court, rather than mechanistically applying the Restatements, was required to independently ascertain the appropriate common law rule by applying the three-part analysis set forth in *Banks*. *Gov't of the V.I. v. Connor*, 60 V.I. 597, 603 (V.I. 2014). Therefore, this Court reversed the September 4, 2013 opinion and order, and remanded the case to the Superior Court to, "consistent with *Banks* and its progeny . . . determine, on the record, the appropriate common law rules," and, if necessary, "to alter any of its prior holdings to the extent it concludes that its consideration of the three *Banks* factors does not support its previous reliance on the Restatements." 60 V.I. at 605.

Between issuance of the Superior Court's September 4, 2013 opinion and this Court's February 24, 2014 opinion remanding the case, Judge Donohue's term as a Superior Court judge expired. As a result, on remand the case was reassigned to Judge Harold W.L. Willocks. The present petition is premised on the observation that, to date, Judge Willocks has not acted on this Court's February 24, 2014 remand.

On June 10, 2014, Connor filed a motion with the Superior Court, captioned "Motion Requesting the Honorable Darryl Dean Donohue to be Designated as a Senior Sitting Judge to Issue a New Judgment." In that motion, Connor argued that Judge Donohue had presided over the trial in the underlying matter, that "[i]t was a difficult and emotional trial for the family with numerous issues, witnesses, and exhibits," and that "[s]ince Judge Donohue is the only Judge that heard this case and the only one that knows all the facts, exhibits and issues, it would be unfair to reassign another Superior Court Judge to handle the redrafting of the judgment entered in favor of the Estate." (Mot. 2.) Connor requested, in light of these considerations, "that the [Presiding] Judge of the Superior Court, the Honorable Michael Dunston, and/or the Administrative Judge of the Superior Court, the Honorable Harold W.L. Willocks, reappoint or designate the Honorable Darryl Dean Donohue as Senior Sitting Judge to be able to enter a new judgment in this matter." (*Id.*)

Connor then filed the present petition for writ of mandamus with this Court on September 17, 2014. In the petition, Connor alleges that the Superior Court has taken no action on either the June 10, 2014 motion or the February 24, 2014 remand, and requests that this Court order Judge

Donohue's reappointment so that he can perform the requisite *Banks* analysis.

## II. JURISDICTION AND LEGAL STANDARD

█ This Court possesses jurisdiction over original proceedings for extraordinary writs, such as a writ of mandamus. *See* 4 V.I.C. § 32(b); *In re Royer*, S. Ct. Civ. No. 2012-0112, 2014 V.I. Supreme LEXIS 34, *3 (V.I. 2014) (unpublished). "To obtain a writ of mandamus, 'a petitioner must establish that it has no other adequate means to attain the desired relief and that its right to the writ is clear and indisputable.' " *In re Rogers*, S. Ct. Civ. No. 2014-0024, 2014 V.I. Supreme LEXIS 31, at *6 (V.I. May 27, 2014) (unpublished) (quoting *In re People of the V.I.*, 51 V.I. 374, 382 (V.I. 2009)). But "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *In re Joseph*, S. Ct. Civ. No. 2013-0015, 2013 V.I. Supreme LEXIS 14, at *8 (V.I. Apr. 5, 2013) (unpublished) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004)).

## III. DISCUSSION

█ We conclude that Connor has failed to establish that she is entitled to mandamus relief. As a threshold matter, while Connor has named Judge Willocks as the respondent in her mandamus petition, there is no authority in the Virgin Islands Code authorizing Judge Willocks — either in his capacity as Administrative Judge or as the judge assigned to preside over Super. Ct. Civ. No. 518/2010 (STX) — to appoint a former judge as a senior sitting judge. Rather, title 4, section 24 of the Virgin Islands Code provides that "[a] judge of the Superior Court who has retired on retirement allowance may, with his consent, be recalled by the Supreme Court for temporary service within the judicial system," 4 V.I.C. § 24(b)(3), to be paid a per diem at a rate established by the Supreme Court and to be paid by the Supreme Court or the Superior Court, depending on the court to which the judge is assigned. 4 V.I.C. § 24(c). And to the extent it has not been implicitly repealed,[1] a similar provision,

---

[1] Section 74a of title 4 of the Virgin Islands Code was adopted on October 28, 1977, as part of a series of changes to title 4 to account for the Territorial — now Superior — Court attaining greater judicial autonomy relative to the federal District Court of the Virgin Islands.

section 74a of title 4 of the Virgin Islands Code, vests the Presiding Judge with authority to appoint a former judge to serve in the Superior Court, also to be paid on a per diem basis.

 In any case, regardless of whether appointment of former judges to serve as temporary judges in the Superior Court is governed only by 4 V.I.C. § 24(b)(3) or by both 4 V.I.C. § 24(b)(3) and 4 V.I.C. § 74a, Connor has failed to establish that her right to have Judge Donohue appointed is clear and indisputable, the standard on a mandamus application. *In re Rogers*, 2014 V.I. Supreme LEXIS 31, at *6. First, 4 V.I.C. § 24(b)(3) explicitly provides that a former judge be recalled into service only with his consent. While 4 V.I.C. § 74a does not contain a similar limitation, we strongly question whether the United States Constitution would permit the involuntary recall of a retired judge. U.S. CONST. amend. XIII; *accord City of Detroit Dept. of Public Works v. American Federation of State, County and Municipal Employees*, Civ. No. 180664, 1971 WL 13083, at *4 (Mich. Cir. Ct. May 13, 1971) (unpublished) (noting that government's request for injunction directing mandatory overtime work raises "a serious question as to the Thirteenth Amendment and involuntary servitude"). The record contains no evidence that Judge Donohue desires to serve as a senior sitting judge. Additionally, both 4 V.I.C. § 24(b)(3) and 4 V.I.C. § 74a mandate that a recalled judge receive per diem payments as compensation for his or her service, and Connor has provided this Court with no evidence that the Superior Court even possesses the financial resources to pay Judge Donohue even if he were willing to accept such an appointment.

█ Finally, we disagree with Connor's premise that only Judge Donohue is qualified to issue a decision on remand because "Judge Willocks would have to hold another costly and emotionally draining trial . . . to make the necessary findings of fact and conclusions of law." (Pet. 2.) As we emphasized in our February 24, 2014 opinion, a *Banks*

---

However, upon establishment of the Supreme Court of the Virgin Islands, and its subsequent assumption of jurisdiction on January 29, 2007, many provisions of existing law referencing the Superior Court or the District Court, as the case may be, were implicitly repealed. *See In re Rogers*, 57 V.I. 553, 558, n.1 (V.I. 2013) (collecting cases). Notably, while the Virgin Islands Legislature provided, through 4 V.I.C. § 31(d)(5), for the powers entrusted to the Presiding Judge of the Superior Court pursuant to 4 V.I.C. §§ 72b, 79, 86, 91, 92, 351, 411, and 412 to remain in effect, that statute did not specifically reference 4 V.I.C. § 74a as a power of the Presiding Judge that remains in effect.

analysis is a purely legal inquiry, *Connor*, 2014 V.I. Supreme LEXIS 17, *12, and thus a new trial or evidentiary hearing is not contemplated.[2] While this Court provided that "the Superior Court is empowered to alter any of its prior holdings to the extent it concludes that its consideration of the three *Banks* factors does not support its prior reliance on the Restatements," 2014 V.I. Supreme LEXIS 17 at *13, it is not clear why Connor believes that the Superior Court would need to revisit any factual findings as part of this inquiry, as opposed to simply applying the law to the facts that were previously found.

## IV. CONCLUSION

For the foregoing reasons, Connor has not established that she is entitled to a writ of mandamus. Accordingly, we deny the petition.

---

[2] The parties, of course, may desire to be heard on the *Banks* issue before the Superior Court issues a decision, which may require supplemental briefing or even oral argument. However, the parties' entitlement to be heard before the Superior Court issues a new opinion would be the same regardless of whether the matter is assigned to Judge Willocks, Judge Donohue, or any other judicial officer.