**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2254

_____

MRS. AMNERYS ANNETTE RIVERA

v.

MR. JOSEPH SHARP; CHOICE COMMUNICATIONS, LLC;
ATLANTIC TELE-NETWORK, INC.,
                                                                                  Appellants

_____

On Appeal from the
District Court
of the Virgin Islands
(D.C. No. 1-08-cv-00020)
District Judge: Honorable Wilma A. Lewis

_____

Argued
May 11, 2022

Before: JORDAN, and MATEY, and ROTH *Circuit Judges*

(Opinion filed: July 13, 2022)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Adam G. Christian
Charles E. Engeman **[Argued]**
Ogletree Deakins
1336 Beltjen Road
Suite 201
St. Thomas, VI 00802
    *Counsel for Appellant*

Rhea R. Lawrence **[Argued]**
Lee J. Rohn
Lee J. Rohn & Associates
1108 King Street
Suite 3
Christiansted, VI 00820
    *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

MATEY, *Circuit Judge*.

The Defendants—Joseph Sharp, Choice Communications, and Atlantic Tele-Network—see both an unenforceable settlement and a binding unliteral agreement simultaneously emerging, like Schrödinger's cat, from their litigation with Amnerys Annette Rivera. But only one exists and, because the District Court did not err in finding the settlement agreement valid, we will affirm.

## I.

Fourteen years ago, Rivera sued the Defendants for employment discrimination. Mediation produced an agreement releasing Rivera's claims in exchange for a monetary sum, and requiring both parties to keep the terms confidential.

None of that happened. Instead, Rivera filed an unsealed "motion to enforce settlement" revealing the existence of the deal and many material terms, including the

settlement amount. The Defendants cried foul and demanded Rivera withdraw the motion. What they did *not* do was walk away. Instead, the Defendants mailed Rivera a modified Mutual Release Agreement ("MRA") with a merger clause incorporating the oral settlement. The MRA included, as "a material term," a confidentiality provision stating that neither party had disclosed or would disclose the agreement or its terms. (App. at 682.) Even though both had already happened. Rivera signed the MRA, and mailed it back to the Defendants.

Never mind, said the Defendants, sending a responsive letter refusing to pay because Rivera had not moved to seal the still pending, and still public, motion. Once again, there was no mention of rescission. Dissatisfied, Rivera filed another unsealed motion to enforce settlement.

Months later, a Magistrate Judge denied the second motion to enforce and dismissed the entire case, holding that Rivera's first unsealed filing breached the parties' oral agreement. Then the District Court vacated, and that seemed to return everyone back to square one, giving the Defendants another chance to rescind.

They did not. Instead, they moved for summary judgment and to partially enforce the settlement, asking the District Court to excuse their performance while compelling Rivera's. As the Defendants wanted it, they would not need to pay, but Rivera's claims would be dismissed. Unsurprisingly, Rivera opposed the motion.

The District Court agreed with Rivera, partially granting her second motion to enforce settlement. Along the way to enforcing the MRA, plus prejudgment interest, the District Court held that both of Rivera's unsealed filings materially breached the parties'

3

agreement, but that the Defendants waived their right to refuse performance. This appeal followed.[1] Because uncontested facts support both rulings, we will affirm.

## II.

The scope of this appeal is narrow, as the Defendants now argue what they did not before: that the District Court should have found they rescinded the oral settlement agreement ("Settlement") memorialized in the MRA.

### A.     Rescission is Forfeited

The Defendants first argue that they rescinded[2] the Settlement after Rivera's November 2009 first material breach or after Rivera's March 2010 second material breach. Neither argument was made to the District Court. Recall that both breaches occurred when Rivera filed public motions to enforce the Settlement, motions that revealed the deal and its material terms. Each seemed to entitle the Defendants to cancel the contract. *See*, *e.g.*, *Pappan Enters. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 806 (3d Cir. 1998) ("Under basic contract principles, when one party to a contract feels that the other contracting party has breached its agreement, the non-breaching party may . . . stop performance and assume the contract is avoided." (quoting *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 376 (3d Cir. 1992))).

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's rulings on the Defendants' motion for summary judgment and Rivera's motion to enforce, upholding them if there are no genuine issues of material fact. *See Tiernan v. Devoe*, 923 F.2d 1024, 1031–32 (3d Cir. 1991).

[2] "Rescind" means "[t]o abrogate or cancel (a contract) unilaterally or by agreement." Black's Law Dictionary (11th ed. 2019).

They did not, instead responding to Rivera's motions by arguing that the Settlement remained enforceable, while asking the District Court to excuse their performance. Only now do they argue rescission, but we "generally do not consider arguments raised for the first time on appeal, and will not do so in this case." *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 195 (3d Cir. 2019) (quoting *Gardner v. Grandolsky*, 585 F.3d 786, 793 (3d Cir. 2009) (per curiam)).[3]

**B.     Defendants May Not Enforce the Settlement Without Performance**

What the Defendants did argue in the District Court is that Rivera's material breaches of the Settlement allowed them to avoid their contractual obligations, while still obligating Rivera to perform hers. The District Court properly denied that request.

To begin, "basic contract principles . . . [allow] the non-breaching party [to] either stop performance and assume the contract is avoided, or continue its performance and sue for damages. Under no circumstances may the non-breaching party stop performance and continue to take advantage of the contract's benefits." *Pappan Enters.*, 143 F.3d at 806 (quoting *Jiffy Lube Int'l*, 968 F.2d at 376).[4]

---

[3] For the same reason, even if the Defendants had raised a timely argument, there was no rescission because they sought to enforce, not abandon, the contract. *See Pappan Enters.*, 143 F.3d at 806.

[4] *See also, e.g.*, *GMC v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 315 n.5 (3d Cir. 2001) ("It is hornbook law that when one party to a contract commits a material breach, the non-breacher has the option of either continuing the contract and suing for partial breach, or terminating the agreement in its entirety."); *Island Block Corp. v. Jefferson Constr. Overseas*, 349 F.2d 322, 326 (3d Cir. 1965) (applying Virgin Islands law to hold after a material breach a party "is not relieved of its contractual obligations; rather its remedy is in damages by way of recoupment or counterclaim" (citing 6 *Williston on Contracts* §§ 871, 887F (3d ed. 1962))).

The Defendants respond by driving down a different road: their behavior did not waive their objections to Rivera's breaches of the Settlement. In other words, they argue there was no waiver of the Settlement terms, so they can, even now, enforce the confidentiality term by rescinding the Settlement. But waiver of a contractual condition occurs whenever there is an implied or explicit promise not to enforce a condition and detrimental reliance on that promise. *See Billman v. V.I. Equities Corp.*, 743 F.2d 1021, 1024 (3d Cir. 1984). Facts not genuinely disputed establish both.

After learning of Rivera's first breach of confidentiality, the Defendants kept negotiating and sent Rivera a draft MRA with a cover letter stating that "[t]he funds are available." (App. at 186.) As the District Court held, those negotiations were an implied promise to continue performing the Settlement. And Rivera relied on this promise to her detriment by signing the MRA, agreeing to dismiss her claims. So too with Rivera's second breach. The Defendants' attempt to enforce the Settlement led Rivera to believe the MRA remained alive. Taken together, the District Court did not err in holding that enforcing the Defendants' waiver was necessary to avoid injustice. *Billman*, 743 F.2d at 1024.[5]

## C.    Prejudgment Interest

The District Court awarded Rivera prejudgment interest on the settlement sum accruing from January 25, 2010, the date the Defendants first refused payment, until June 1, 2021, the date of the final judgment. We review prejudgment interest awards for abuse

---

[5] Nor was the District Court required to perform any special analysis before applying the common law rules of waiver here. *Cf. Gov't of the V.I. v. Connor*, 60 V.I. 597, 600 (V.I. 2014); *Matthew v. Herman*, 56 V.I. 674, 680 (V.I. 2012); *see also Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 976 (V.I. 2011).

of discretion. *Pignataro v. Port Auth. of N.Y. & N.J.*, 593 F.3d 265, 273 (3d Cir. 2010). The Defendants argue that the District Court should not have awarded interest for the interval between the Magistrate Judge's ruling and the District Court's final contrary decision.

But the Magistrate Judge's order did not justify departing from the rule that prejudgment interest is mandatory under Virgin Islands law. *Addie v. Kjaer*, 836 F.3d 251, 255-57 (3d Cir. 2016). Rivera was entitled to interest on "all monies which have become due." V.I. Code Ann. tit. 11, § 951(a)(1). All agree the MRA memorialized a binding settlement, including the obligation to pay a settlement sum. The MRA did not specify when that payment was due, and the District Court appropriately applied Virgin Islands law to start the clock when the Defendants first refused Rivera's demand, *see Rasmussen v. Dalmida*, 50 V.I. 1032, 1039 (D.V.I. Dec. 29, 2008) (quoting *Brisbin v. Superior Valve Co.*, 398 F.3d 279, 293 (3d Cir. 2005)); *Bolide Tech. Grp. v. Alert #1 Int'l, Inc.*, 2013 WL 12460443, at *4 (V.I. Super. Ct. May 7, 2013). The Defendants could have avoided prejudgment interest while contesting the settlement by depositing the settlement sum with the District Court. They chose not to, and the District Court did not abuse its discretion in applying the ordinary rule of prejudgment interest.[6]

### III.

For these reasons, we will affirm.

---

[6] The Defendants also incorrectly suggest the District Court expanded the terms of the MRA by ruling that all three are liable for the settlement sum. The District Court held that "[t]he terms of the MRA will be enforced as written," (App. at 703,) and ordered that the settlement sum be paid "pursuant to the parties' settlement agreement." (App. at 663.)