**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-2313

———————

MOSES PRESIDENT,

Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS;
VIRGIN ISLANDS POLICE DEPARTMENT;
VIRGIN ISLANDS TERRITORIAL EMERGENCY
MANAGEMENT AGENCY; SHONNETH GITTENS;
D'NEICIA JACOBS; ALMONT KING; A'KEYMA BARTHLETT

———————

On Appeal from the District Court
for the Virgin Islands
(D.C. No. 1:17-cv-00046)
Circuit Judge: Honorable Cheryl Ann Krause[*]

———————

Argued on December 11, 2024


Before: CHAGARES, *Chief Judge*; MONTGOMERY-REEVES and FISHER, *Circuit Judges*.


(Opinion filed: January 7, 2025)

Kye Walker **[ARGUED]**
The Walker Legal Group
116 King Street, Suite 101
Christiansted, St. Croix 00820
       *Counsel for Appellant*

Ian S.A. Clement **[ARGUED]**
Office of the Attorney General of the Virgin Islands
Department of Justice
34-38 Kronprindsens Gade, GERS Complex, 2nd Floor
St. Thomas, VI 00802
       *Counsel for Appellees*

_____

OPINION**

_____

MONTGOMERY-REEVES, *Circuit Judge.*

In May 2017, Moses President, a police detective, responded to a call about a man brandishing a weapon. While responding to the call, a fellow police officer shot President.

A few months later, President filed a complaint against the Government of the Virgin Islands and a number of police officers, including Shonneth Gittens and D'Neicia Jacobs, seeking damages under 42 U.S.C. § 1983 for violations of his substantive due process rights. He also sought damages for common law negligence claims. In 2022, he sought leave to file an amended complaint that, among other changes, added claims for gross negligence. The District Court, holding that Gittens and Jacobs were entitled to qualified immunity, denied leave to amend as to Gittens and Jacobs, dismissed the claims against Gittens and Jacobs, and certified that order as final.

President appealed, arguing that the District Court erred in dismissing his common law tort claims on qualified immunity grounds.[1] Gittens and Jacobs argue that this Court

_____

* The Honorable Cheryl Ann Krause, District Judge sitting by designation pursuant to 28 U.S.C. § 291(b).

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] President does not challenge the dismissal of the § 1983 claims, so we do not address them here.

should affirm the District Court's order on the alternative ground that President failed to state a common law tort claim. For the reasons explained below, we hold that the District Court could not dismiss the common law tort claims on either basis without first conducting an analysis under *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011).[2]

A federal court exercising supplemental jurisdiction over state or territorial law claims must apply the substantive law of the appropriate state or territory. *See Hamilton v. Roth*, 624 F.2d 1204, 1210–12 (3d Cir. 1980) (explaining that a federal court exercising supplemental jurisdiction over state law claims applies state law as it would when exercising diversity jurisdiction). "[W]hen exercising jurisdiction over cases requiring the application of Virgin Islands law, [we must] predict how the Supreme Court of the Virgin Islands would decide an issue of territorial law . . . ." *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 362 n.3 (3d Cir. 2007). To determine how the Supreme Court of the Virgin Islands would rule, federal courts "must consider relevant [territorial] precedents, analogous decisions, considered dicta, scholarly works, and any other reliable

---

[2] The District Court had jurisdiction over this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. We have jurisdiction over this appeal under 28 U.S.C. § 1291. "We review the denial of leave to amend for abuse of discretion." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 158 (3d Cir. 2017) (quoting *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014)). We review questions of law, such as whether a defendant is entitled to dismissal based on qualified immunity, de novo. *See Mack v. Yost*, 63 F.4th 211, 227 n.14 (3d Cir. 2023) (quoting *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018)).

data tending convincingly to show how the highest court in the [territory] would decide the issue at hand." *Covington v. Cont'l Gen. Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004) (quoting *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)); *see Edwards*, 497 F.3d at 362 n.3 (explaining that district courts should look to binding precedent from the Supreme Court of the Virgin Islands and "seek guidance" from Superior Court of the Virgin Islands decisions).

The Supreme Court of the Virgin Islands has held that in the absence of precedent from the Supreme Court of the Virgin Islands on a common law rule, courts in the Virgin Islands, including the Supreme Court, must conduct a three-factor analysis, now known as a "*Banks* analysis," to determine what should constitute Virgin Islands common law. *See Gov't of Virgin Islands v. Connor*, 60 V.I. 597, 600 (2014). This analysis requires considering "'three non-dispositive factors[:]'. . . '(1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands.'" *Id.* (quoting *Simon v. Joseph*, 59 V.I. 611, 623 (2013)).

Neither the parties nor the District Court have pointed to any precedent from the Supreme Court of the Virgin Islands regarding the existence of common law qualified immunity, the requisite standard for asserting common law qualified immunity, or the applicable duty for the negligence claims raised here. This Court similarly has found none. Therefore, a Banks analysis is necessary to predict what legal rules the Supreme Court of the Virgin Islands would apply when evaluating the sufficiency of President's

4

allegations of negligence and gross negligence and Gittens and Jacobs' assertion of qualified immunity to those claims. As the District Court did no *Banks* analysis, we will vacate the relevant orders as to President's common law tort claims and remand to the District Court for further proceedings should the District Court choose to continue exercising its supplemental jurisdiction over the common law claims.