BENJAMIN E. PYNES, Executor of the Estate of ROBERT S.
PYNES, Deceased, Plaintiff

v.

AMERICAN MOTORS CORPORATION, a corporation;
CARIBBEAN JEEP AND CAR RENTALS, INC., a corpora-
tion, and DOES 1 through 10, inclusive, Defendants

Civil No. 81-326

ANTHONY PIRSLIN, Plaintiff

v.

AMERICAN MOTORS CORPORATION, a corporation;
CARIBBEAN JEEP AND CAR RENTALS, INC., a corpora-
tion, and DOES 1 through 10, inclusive, Defendants

Civil No. 81-375

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 25, 1982

MARIA TANKENSON HODGE, ESQ., St. Thomas, V.I., *for plaintiff Anthony Pirslin*

JOSEPH T. COOK, ESQ., of Counsel (SPEISER, KRAUSE & MADOLE), Washington, D.C., U.S.A., *for plaintiff Benjamin E. Pynes*

BRITAIN H. BRYANT, ESQ. (BRYANT, LENAHAN AND ELTMAN), Christiansted, St. Croix, V.I., *for defendants American Motors Corporation*

R. ERIC MOORE, ESQ. (Law Offices of R. ERIC MOORE), Christiansted, St. Croix, V.I., *for defendant Caribbean Jeep and Car Rentals, Inc.*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This tort action is before the Court on motion of defendant Caribbean Jeep and Car Rentals, Inc. (Caribbean), for summary judgment as to all three theories of liability asserted against it by the plaintiff Benjamin Pynes in the action docketed at Civil No. 81-326. The motion will be granted in part and denied in part.

This case arises from a motor vehicle accident that occurred on November 1, 1979. Plaintiff's decedent had rented a Jeep from the defendant Caribbean. While driving the Jeep the plaintiff's decedent had a one car accident in which he allegedly suffered grievous injuries which caused his death on December 16, 1979. Plaintiff, as executor of the decedent's estate, brought this wrongful death action alleging, inter alia, that defendant Caribbean had leased a defective vehicle to decedent. Plaintiff has asserted three theories of liability against Caribbean:

1) that Caribbean was negligent in leasing the Jeep to plaintiff's decedent; 2) that Caribbean should be held strictly liable for leasing a defective product to the decedent; 3) that Caribbean breached express and implied warranties that the vehicle was free of defects

and dangers and was of merchantable quality and fit for the purposes for which it was intended.

Defendant Caribbean moved for summary judgment as to all three theories. Each will be addressed.

■■ Plaintiff wishes to assert the strict liability of § 402A, Restatement (Second) of Torts against Caribbean.[1] Section 402A by its terms applies only to sellers of products, not to lessors. The Court is aware that several other jurisdictions have extended § 402A strict liability to include lessor of goods, however we shall not make that extension here today. The Court holds that, absent extraordinary circumstances, lessors cannot be held strictly liable under § 402A. See Poole v. Hertz Corp., 1977 St. X. Supp. 520 (D.V.I.).[2] In this respect, defendants' motion for summary judgment will be granted.

■■ Plaintiff also puts forth a theory of warranty liability against Caribbean. This theory is not one of contract warranty, for such warranties are covered by the Uniform Commerical Code, as codified at 11A V.I.C. §§ 2—313, 2—314 and 2—315, and apply by their terms only to contracts between sellers and buyers in the sale of goods. The warranty liability sought by plaintiff is one which sounds in tort. Such liability is co-extensive with the strict liability of § 402A of the Restatement. In fact the two are essentially indistinguishable. For this reason, we believe that the common law tort-based warranty is embodied in §§ 402A and 402B of the Restatement (Second) of Torts. See § 402A, comment m. For the reasons already set forth, such liability, absent extraordinary circumstances, will not be imposed upon a lessor of chattels.

---

[1] Section 402A is entitled "Special Liability or Seller of Product for Physical Harm to User or Consumer." It reads as follows:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user of consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product or entered into contractual relation with the seller.

[2] The latest Third Circuit opinion on the subject is Speyer, Inc. v. Humble Oil and Refining Co., 403 F.2d 766 (3rd Cir. 1968). The Court feels that Speyer is probably not controlling on this subject, as its facts were quite limited and the Circuit Court was construing Pennsylvania law which has since changed. See Francioni v. Gibsonia Trucking Corp., 372 A.2d 36 (Pa. 1977).

The negligence theory of liability asserted by plaintiff against Caribbean alleges that Caribbean was negligent in the leasing of the Jeep to plaintiffs' decedent in that Caribbean knew, or in the exercise of reasonable care should have known, that the said vehicle was defective and unsafe and was hence not suitable for use by an ordinary driver in the Virgin Islands. Plaintiff further alleges that as a direct result of such negligence the vehicle crashed, causing severe injury and eventual death to plaintiff's decedent.

Caribbean, in its motion for summary judgment, claims this cause of action in reality asserts a claim of strict liability against Caribbean, which Caribbean states does not apply to lessors.

■ Plaintiff's first theory of liability is indeed an allegation of negligence, not one of strict liability. Whether the Jeep had latent defects, whether Caribbean knew or should have known of such defects, whether the vehicle was properly maintained, whether Caribbean had a duty to warn the decedent, etc., are all questions of material fact not to be disposed of summarily. Therefore, the defendant's motion for summary judgment will be denied with respect to the negligence claim.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant Caribbean Jeep and Car Rentals, Inc., for summary judgment be and the same is hereby GRANTED as to plaintiff's second and third causes of action against the aforesaid defendant and DENIED as to plaintiff's first cause of action.