**ALIX FOMBRUN and HUGUETTE FOMBRUN, Plaintiffs**

**v.**

**CONTROLLED CONCRETE PRODUCTS, INC., Defendant**

Civil No. 198/1984

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 7, 1985

HENRY C. SMOCK, ESQ. (GRUNERT, STOUT & SMOCK), St. Thomas, V.I., *for plaintiffs*

HENRY V. CARR, ESQ. (Law Offices of ROBERT MURNAN), St. Thomas, V.I., *for defendant*

MEYERS, *Judge*

## MEMORANDUM OPINION

Defendant, Controlled Concrete Products, Inc., has moved the Court for summary judgment pursuant to Fed. R. Civ. P. 56. The issues before the Court are (1) whether the sale of ready-mix concrete by the Defendant to the Plaintiffs is a "sale of goods" within the ambit of the Uniform Commercial Code (U.C.C.), 11A V.I.C. § 2—106; and (2) which statute of limitations is applicable to the above transaction. For the reasons that follow, the Court resolves the first issue in the affirmative, and with respect to the second issue concludes that the four-year statute of limitations in accordance with 11A V.I.C. § 2—725 is controlling.[1]

---

[1] Section 2—725(1) of the Uniform Commercial Code provides that:

> An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

## FACTS

Plaintiffs sue Defendant for breach of contract, alleging that Defendant delivered defective concrete to them. Their complaint was filed on March 9, 1984. The facts as gleaned from the record reveal that on or about November 18, 1977, Plaintiffs and Defendant entered into an agreement whereby Defendant agreed to sell and Plaintiffs agreed to buy ready-mixed concrete to be used for preparing a slab to serve as the ceiling of a first floor and the floor of a second story of Plaintiffs' residence. On November 18, 1977, when Defendant delivered the concrete to Plaintiffs, they in turn issued a check to Defendant in the amount of $859.50 as payment for the concrete. Several months later, in July, 1978, Plaintiffs claim that they discovered that the concrete was defective. The Defendant denies this and subsequently moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), arguing that, even if Plaintiffs' allegations are taken as true, they are still not entitled to relief since the action would be barred by the four-year statute of limitations under Article 2 of the U.C.C., 11A V.I.C. § 2—725, relating to sale of goods. The Defendant subsequently moved to convert its motion for judgment on the pleadings to a motion for summary judgment and in support thereof, argues that the pleadings, exhibits, and affidavits show that it is entitled to summary judgment. Plaintiffs have filed no response to this motion.

## DISCUSSION

Defendant contends that its agreement with Plaintiff required it to simply deliver ready-mix concrete to Plaintiffs' job site—nothing more. This it did. Defendant argues that a transaction of this nature is one for a sale of goods and is governed by the U.C.C. Therefore, Defendant continues, the applicable statute of limitations is four (4) years in accordance with 11A V.I.C. § 2—725(1) and, consequently, Plaintiffs' complaint should be dismissed since their cause of action is time-barred by the statute of limitations.

Defendant's exhibits A and B (delivery slips numbers 12553 and 12560) show that on November 18, 1977, Defendant's truck delivered seven cubic yards of concrete to Plaintiffs. On the same date, another of Defendant's trucks delivered eight more cubic yards of concrete to Plaintiffs' job site, for a total of 15 cubic yards. Both sales slips bear the signature of plaintiff Alix Fombrun. Significantly, the sales slips set forth a disclaimer which provides that "since we [defendant] have no control over the use of this concrete,

we therefore cannot guarantee or assume responsibility for the finished work in which it is used."

Plaintiffs, on the other hand, in their response to Defendant's motion for judgment on the pleadings, contend that the transaction between Defendant and them does not fall under Article 2 of the U.C.C. because "the transaction in question does not involve the sale of goods." They claim, rather, that it was a "construction contract." In support of this contention Plaintiffs argue that the "dominant feature of this contract was the furnishing of services, with the sale of goods, if any, being only an incidental part thereof." Plaintiffs urge the Court to find that the transaction in question is outside the scope of Article 2 of the U.C.C. and that the general six-year statute of limitations contained in 5 V.I.C. § 31(3)(A) applies.[2] This the Court refuses to do since it disagrees with Plaintiffs.

The Court finds that the cases cited by Plaintiffs in support of their contention are distinguishable. These cases dealt with a factual situation where the transaction involved more than just a mere sale of goods. In each of the cited cases, there was a contract or engagement to either construct, erect or install some structure, or for the performance or rendition of services. Undoubtedly, such transactions would not fall within the U.C.C. provisions of Article 2. In the case at bar, however, there is no basis in fact to support a finding that the parties contracted for anything beyond the mere supplying and purchasing of goods. The U.C.C., § 2—105(1), defines the term "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid. . . ." Courts have expressly or impliedly held or recognized that the term "goods" includes building materials. 67A Am. Jur. 2d, Sales, § 749. See, e.g., Tracor, Inc. v. Austin Supply & Drywall Co., 484 S.W.2d 446 (1972 Tex. Civ. App.); Consolidated Supply Co. v. Babbitt, 534 P.2d 466 (1975).

In deciding the issue of whether a given transaction is a "contract for the sale of goods" within the provisions of Article 2 of the U.C.C., a number of courts have applied a balancing test. For example, in Pittsburgh-Des Moines Steel Co. v. Brookhaven Manor Wat., 532 F.2d 572 (7th Cir. 1976), the Court applied the test established by the Eighth Circuit in Bonebrake v. Cox, 499 F.2d 951 (8th Cir. 1974). That test asks whether the predominant factor, the thrust,

---

[2] 5 V.I.C. § 31(3)(A) provides for a six-year statute of limitations in an action upon a contract or liability, express or implied.

and the purpose of the contract, reasonably stated, was the rendition of service with goods incidentally involved, or a sale and purchase of "movable things", with labor or services incidentally involved. Pittsburgh-Des Moines, supra, at 580 n.6. See, Virgin Islands Distributor, Inc. v. Durkee Foods and SCM Corporation, 19 V.I. 85, 90 (D.V.I. 1982).

■ Applying the balancing test to the case at bar, the Court finds that the predominant thrust and nature of the transaction between the parties was one for the sale of goods, i.e., supplying ready-mixed concrete, with labor, if any, incidentally involved.

■ Plaintiffs also have impliedly raised a claim for breach of warranty of merchantability with respect to the concrete. See, Plaintiffs' complaint, paragraph 7. Specifically, Plaintiffs allege that the concrete was "so defective as to be unfit for the purposes for which such concrete is ordinarily used." Cf. 11A V.I.C. § 2—314(c). Even if the Plaintiffs can sustain their burden with respect to this theory, the applicable statute of limitations would still be four years pursuant to § 2—725(1). The Plaintiffs' claim, therefore, would still be time-barred by the statute of limitations.

■ Plaintiffs, in a further attempt to preserve their claim, contend that their cause of action accrued in July, 1978, when they discovered that the concrete was defective. They ask the Court to adopt the "discovery rule" and, in support of their contention, cite Simmons v. Ocean, 19 V.I. 232, 544 F.Supp. 841 (D.V.I. 1982). Simmons, supra, was an action for legal malpractice in which Judge O'Brien "acknowledge[d] that a statute of limitations for legal malpractice may be tolled until the client discovers, or should reasonably have discovered, the malpractice." Applying the discovery rule, they insist that their cause of action, having accrued in July, 1978, and their complaint, having been filed on March 9, 1984, is timely since it is filed within the six-year statute of limitations, pursuant to 5 V.I.C. § 31. Title 5 V.I.C. § 31, however, is a general statute dealing with limitations of actions and does not apply where a different limitation is prescribed by a specific statute. Todman v. Supercar, Inc., 16 V.I. 408 (D.V.I. 1979). Since this Court finds that the transaction was one for the sale of goods, 11A V.I.C. § 2—725(1) and (2) is controlling. Title 11A V.I.C. § 2—725(2) provides that:

A cause of action accrues when the breach occurs, *regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made,* except that

where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. (Emphasis supplied.)

It is perfectly clear, then, that under the U.C.C. the cause of action accrues when the breach, if any, occurs and not when the breach is discovered.

## CONCLUSION

Based on the foregoing legal analysis, the Court concludes that the transaction of November 18, 1977, between Plaintiffs and Defendant was a sale of goods within the meaning of Article 2 of the U.C.C., 11A V.I.C. § 2—105(1) and 106(1). This conclusion is buttressed by Defendant's exhibits, particularly, the sales slips, which suffice as the writing required by U.C.C. § 2—201 (the statute of frauds requirement). This being the case, the applicable statute of limitations to the transaction in question is the four-year limitation period set forth in U.C.C. § 2—725(1). Accordingly, this action is time-barred since Plaintiffs' complaint was filed more than two years after the expiration date of the limitations period, which was November 18, 1981.

■ Rule 56(b), Fed. R. Civ. P., allows a party against whom a claim is asserted to move for summary judgment. The Court may grant the same where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. As the Court has concluded that Plaintiffs' action is time-barred by the statute of limitations and that there are no genuine issues as to any material fact, Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's motion for summary judgment will be granted.

## JUDGMENT

In accordance with the memorandum opinion of even date, it is

ORDERED that summary judgment in favor of defendant Controlled Concrete Products, Inc., be and the same is hereby GRANTED; and it is further

ORDERED that Plaintiffs' complaint be and the same is hereby DISMISSED WITH PREJUDICE; and it is further

ORDERED that the Defendant shall recover its costs and disbursements in this matter, including a reasonable award for attorney's fees, upon submission of supporting affidavits by Defendant's counsel.