**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1603
_____

DIANA BANKS; ALOMA BARNABAS; FRANKLIN
BARNABAS;
PATRICIA JOSEPH; MERLE PENHA-MURPHY,
                                        Appellants

v.

INTERNATIONAL RENTAL AND LEASING
CORPORATION
d/b/a Budget Rent A Car
_____

No. 08-2512
_____

DIANA BANKS; ALOMA BARNABAS;
FRANKLIN BARNABAS; PATRICIA JOSEPH;
MERLE PENHA-MURPHY,
                                        Appellants
v.

INTERNATIONAL RENTAL AND LEASING
CORPORATION
d/b/a Budget Rent A Car;


_____

Appeal from the District Court of the Virgin Islands
District Judge: Hon. Chief Judge Curtis V. Gomez
Nos.02-cv-00200, 02-cv-00201, 02-cv-00202, 02-cv-00203
Argued December 2, 2009

Before:  McKee, *Chief Judge*, FUENTES, and NYGAARD,
*Circuit Judges*

(Filed: May 23, 2012)

Robert L. King, Esquire  [ARGUED]
Law Offices of Robert L. King, Esq.
1212 Bjerge Gade
P .O. Box 9768
St. Thomas, Virgin Islands 00801
     *Counsel for the Appellants*

Michael J. Sanford, Esquire  [ARGUED]
Sanford, Amerling & Associates
2191 Church Street
Christiansted, Virgin Islands 00820
     *Counsel for the Appellee*

_____

OPINION OF THE COURT
_____

McKEE, *Chief Judge*.

Appellants ("Plaintiffs") sustained injuries while they were passengers in a van rented from International Renting and Leasing d/b/a Budget Rent-A-Car ("Budget").  The injuries occurred when the van crashed into a tree after the brakes failed.  Plaintiffs brought suit against Budget, raising among other allegations, claims of strict liability, breach of warranty, and loss of consortium.  The District Court entered summary judgment in favor of Budget after concluding that Plaintiffs could not recover because they had not leased the van from Budget and were not authorized drivers under the rental agreement.  For the reasons that follow, we will reverse the entry of summary judgment in favor of Budget on the strict liability, breach of warranty, and loss of consortium claims and remand for further proceedings.[1]

_____

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of a district court's grant of summary judgment is plenary, and we apply the same legal standard as the district court; we consider whether there are any genuine issues of material fact such that a reasonable jury could return a verdict

2

## I. Facts and Procedural History

Franklin Barnabas rented a van from Budget and gave his sister-in-law, Diane Dewindt, permission to use it without listing her as an authorized driver on the rental agreement. Thereafter, Dewindt was driving down a steep hill when the brakes failed. Dewindt attempted to stop the van by driving onto an uphill driveway. The van came to a stop when it crashed into a tree, injuring the passengers. Barnabas was not in the van.

Plaintiffs subsequently filed four separate suits against Budget in the District Court of the Virgin Islands pursuant to 28 U.S.C. § 1332,[2] and the cases were consolidated for purposes of discovery and trial. The District Court decided the case by applying the Second Restatement of Torts which does not subject lessors to strict liability and granted summary judgment in favor of Budget on each of Plaintiffs' claims. This appeal followed.

## II. Strict Liability

Section 4 of the Virgin Islands Code provides:

> The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

V.I. Code Ann. tit. 1, § 4 (2011). We therefore look to the restatements of law for guidance.

---

for the plaintiffs. *Vitalo v. Cabot Corp.*, 399 F.3d 536, 542 (3d Cir. 2005).

[2] Diane Dewindt and another of the passengers, Zyanguelyn Poe, are not parties to this action.

As we will explain, the District Court relied on cases that had been decided under Section 402A of the Second Restatement of Torts which does not recognize strict liability claims against lessors of defective products. *Banks v. Int'l Rental and Leasing Corp.*, Nos. 2002, 200-203, 2008 WL 501171, at *3 (D.V.I. Feb. 13, 2008). Section 402A provides:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if
> (a) the seller is engaged in the business of selling such a product, and
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
> (2) The rule stated in Subsection (1) applies although
> (a) the seller has exercised all possible care in the preparation and sale of his product, and
> (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Restatement (Second) of Torts, § 402A (1965). Since strict liability under § 402(A) does not extend to a lessor such as Budget, the District Court was clearly correct in dismissing the strict liability claims if the Second Restatement controlled that court's analysis.

However, in adopting the Third Restatement of Torts for Products Liability, the American Law Institute rethought the limitations on strict liability contained in the Second Restatement and extended strict liability beyond the Second Restatement's limitation to sellers. Thus, Section 1 of the Third Restatement of Torts states: "[o]ne engaged in the

4

business of selling or *otherwise distributing products* who sells or distributes a defective product is subject to liability for harm to persons or property caused by the defect." Restatement (Third) of Torts: Products Liability, § 1 (1998) (emphasis added). Section 20(b) provides as follows:

> One otherwise distributes a product when, in a commercial transaction other than a sale, one provides the product to another either for use or consumption or as a preliminary step leading to ultimate use or consumption. Commercial nonsale product distributors include, but are not limited to, lessors, bailors, and those who provide products to others as a means of promoting either the use or consumption of such products or some other commercial activity.

*Id*. § 20(b). Strict liability under the Third Restatement would thus reach Budget as lessor/distributor of the allegedly defective van.

The District Court did not specifically address the issue of which Restatement should apply here. Instead, citing *Manbodh v. Hess Oil V.I. Corp.*, No. 324/1997, 2005 WL 3487838, at *11 (V.I. Super. Nov. 28, 2005), the District Court held that "Section 402A is the controlling law on products liability in the Virgin Islands." *Banks*, 2008 WL 501171, at *3. The District Court then relied on a 1982 decision of the territorial court to support its conclusion that "[u]nder section 402A, an action for strict product liability cannot be maintained against a lessor of chattels." *Id.* (citing *Pynes v. American Motors Corp.*, 19 V.I. 278, 280 (1982)).

Where, as here, the outcome of a suit in federal court turns on an unresolved issue of local law, the United States Supreme Court has encouraged federal appellate courts to seek guidance from the highest court of the appropriate jurisdiction if that court has adopted procedures for accepting certified questions of law. *See Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974). The Supreme Court of the Virgin

Islands has adopted rules establishing a procedure to decide questions of Virgin Islands law certified by this Court. *See* V.I. S. CT. R 38. Virgin Islands Supreme Court Rule 38 states in part:

> [t]he Supreme Court of the Virgin Islands may answer questions of law certified to it by a court of the United States . . . if there is involved in any proceeding before the certifying court a question of law which may be determinative of the cause then pending in the certifying court and concerning which it appears there is no controlling precedent in the decisions of the Supreme Court [of the Virgin Islands.

*Id.* Moreover, we have stated that we will "defer to decisions of the Supreme Court of the Virgin Islands on matters of local law unless we find them to be manifestly erroneous." *Pichardo v. V.I. Comm'r of Labor*, 613 F.3d 87, 89 (2010).

Accordingly, we certified the following question to the Supreme Court of the Virgin Islands pursuant to Rule 38 of that court and our own Local Appellate Rules:[3] "Whether, under Virgin Islands law, including V.I. Code Ann. tit. 1 § 4, a plaintiff may pursue a strict liability claim against a lessor for injuries resulting from a defective product."[4]

Virgin Islands On December 15, 2011, in a commendably thorough and very well reasoned opinion, the Supreme Court of the Virgin Islands explained that even though the courts of the had historically applied the Second Restatement of Torts, *see Pynes*, *supra,* "[w]e conclude that the Legislature did not intend for section 4 of title 1 to compel this Court to mechanically apply the most recent Restatement." *Banks v. International Rental and Leasing Corp.*, No. 2011-37, 2011 WL 6299025, at *3 (S. Ct. V.I.

---

[3] *See* 3rd Cir. L.A.R. Misc. 110.0 and Internal Operating Procedure 10.9.

[4] *See Banks v. Int'l Rental and Leasing Corp.*, Nos. 08-1603, 08-2512, 2011 WL 7186340, at *3 (3d Cir. Apr. 19, 2011).

Dec. 15, 2011).[5] After examining the historical development of the incorporation of the various restatements into the law of the Virgin Islands, the court examined the conflict between the applicable provisions of the Second Restatement and the Third Restatement. In doing so, the court noted that the District Court had correctly concluded that "section 402A [of the Second Restatement] has received widespread acceptance in Virgin Islands courts." *Id.* at *6.

However, based upon its examination of evolving trends in the law, the Supreme Court stated: "[n]evertheless, we decline to endorse the *Pynes* rule." *Id.* Rather, the court noted "a strong preference exists for following the most recent Restatement over an older version . . . ." *Id.* (citing *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 180 (3d Cir. 1977). After a very persuasive analysis, the Virgin Islands Supreme Court held in part: "rather than continue to apply the *Pynes* decision . . ., Virgin Islands local courts should apply sections 1 and 20 of the Third Restatement and allow lessors to be held strictly liable for injuries resulting from a defective product." *Id.* at *7.

Thus, it is abundantly clear that the order of the District Court granting summary judgment to Budget pursuant to § 402(A) of the Second Restatement of Torts must be reversed, and this case must be remanded to allow Plaintiffs to pursue their strict liability claims against Budget pursuant to the applicable provisions of the Third Restatement.

### III. Breach of Warranty.

The District Court concluded that Plaintiffs were not entitled to recover for breach of either express or implied warranties because Plaintiffs were not in privity with Budget

---

[5] A copy of the opinion of the Virgin Islands Supreme Court is attached to this opinion as an Appendix. We take this opportunity to thank that court for its very helpful assistance in resolving the Plaintiffs' strict liability claims.

and were not intended beneficiaries of any of the provisions of the rental agreement with Budget.[6]

Before we address the Plaintiffs' assertion that the District Court erred in dismissing their warranty claims, we must address Budget's argument that Plaintiffs never raised a third-party beneficiary claim in the District Court. Appellee Br. at 20. Budget claims that, "at best" Plaintiffs only argued that Dewindt, the driver, was the authorized agent of the renter when Dewindt drove into the tree. *Id*. at 20-21. Significantly, Budget does not argue that express or implied warranties do not apply, only that Plaintiffs have not previously raised the issue.

In their complaint, Plaintiffs alleged: "when Defendant Budget provided to Plaintiffs a vehicle with a flawed and defective breaking [sic] system, that act constituted a breach of contract and a breach of duty owed to one in the position of Plaintiffs, thereby entitling them to maintain this claim for relief." *Banks v. Int'l Rental and Leasing Corp.*, Nos. 2002, 200-203, 2008 WL 2149380, at *2 (D.V. I. May 19, 2008) (quoting Pls. Comp. at ¶¶ 21-22). Although Budget argues that Plaintiffs did not cite to the applicable provisions of the Virgin Islands Uniform Commercial Code when that argument was pressed, we find any such omission irrelevant. The court had to apply the applicable law to that claim once Plaintiffs raised it, and it is clear to us that they did raise a claim for recovery in contract.[7]

---

[6] Since Franklin Barnabas was not a passenger in the car when it collided with the tree, his only claim is for loss of consortium based on injuries his wife received while she was a passenger. The District Court dismissed his claim for loss of consortium because that claim was derivative and therefore must rise or fall with his wife's claims.

[7] Section 2A-216 of the Virgin Islands Uniform Commercial Code extends to express and implied warranties and states:

> A warranty to or for the benefit of a lessee under this Article, whether express or implied, extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the

Moreover, since it is now apparent that Plaintiffs may pursue a theory of strict liability, the District Court should have the opportunity to determine whether Plaintiffs may rely on warranties in the rental agreement with Budget. Accordingly, we conclude that the Plaintiffs can present those claims on remand.[8]

## IV. Conclusion

For the reasons stated above, we reverse the District Court's grant of summary judgment on the strict liability, breach of warranty, and loss of consortium claims, and remand for proceedings consistent with the foregoing opinion.

---

warranty. The operation of this section may not be excluded, modified, or limited with respect to injury to the person of an individual to whom the warranty extends, but an exclusion, modification, or limitation of the warranty, including any with respect to rights and remedies, effective against the lessee is also effective against the beneficiary designated under this section.

V.I. Code Ann. tit. 11A, § 2A-216 (2011).

[8] Similarly, since (as the District Court noted), Franklin's claim for loss of consortium is derivative to any claims his wife may have, we also conclude that the District Court must consider Franklin's claim for consortium on remand.