PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4738

_____

MRL DEVELOPMENT  I, LLC;
MICHAEL R. LUCHT,
Appellants
v.

WHITECAP INVESTMENT CORP. d/b/a Paradise Lumber;
GREAT SOUTHERN WOOD PERSERVING, INC.;
PUTNAM LUMBER AND EXPORT COMPANY;
PUTNAM FAMILY PROPERTIES, INC.

_____

On Appeal from District Court
of the Virgin Islands
(D.C. No. 3-13-cv-00048)
District Judge:  Honorable Curtis V. Gomez

_____

Argued December 7, 2015

Before:  FISHER, KRAUSE, ROTH, *Circuit Judges*.


(Filed:  May 17, 2016)

Jared D. Bayer, Esq.

Thomas G. Wilkinson, Jr., Esq.  *[ARGUED]*
Cozen O'Connor
1650 Market Street
One Liberty Place, Suite 2800
Philadelphia, PA 19103


David A. Bornn, Esq.
The Bornn Firm
5079 Norre Gade, Suite 1
Charlotte Amalie
St. Thomas, VI 00802
*Counsel for Appellants*


Chad C. Messier, Esq.

Alex M. Moskowitz, Esq.  *[ARGUED]*

Lisa M. Komives, Esq.
Dudley Topper & Feuerzeig
1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, VI 00804


John S. Baker, IV, Esq.

Lee M. Hollis, Esq.

S. Andrew Kelly, Esq.  *[ARGUED]*
Lightfoot Franklin & White
400 20th Street North
The Clark Building
Birmingham, AL 35203

Daryl C. Barnes, Esq.

Sunshine S. Benoit, Esq.
Bryant Barnes Blair & Benoit
1134 King Street, 2nd Floor
P.O. Box 224589
Christiansted, St. Croix, VI 00820

Robert A. Carlson, Esq.  *[ARGUED]*

Lana M. Naghshineh, Esq.

Ryan M. Charlson, Esq.
Lee Hernandez Landrum Garofalo & Blake
100 North Biscayne Boulevard, Suite 605
Miami, FL 33132

*Counsel for Appellees*

———

OPINION OF THE COURT

———

FISHER, *Circuit Judge*.

3

Michael Lucht (and his company, MRL Development I, LLC), purchased treated lumber for a deck on his vacation home in the Virgin Islands. The lumber allegedly decayed prematurely. After replacing rotten deck boards, Lucht brought suit against the retailer, wholesaler, and treatment company of the lumber.

Lucht purchased the lumber between 2002 and 2006. He began replacing deck boards in 2010, but he claims he did not discover the severity of the problem until the fall of 2011. Lucht and MRL filed suit in February 2013, alleging the following claims against the appellees: (1) a Uniform Commercial Code contract claim; (2) a common law contract claim; (3) a breach of warranty claim; (4) a negligence claim; (5) a strict liability claim; and (6) a deceptive trade practices claim under the Virgin Islands Deceptive Trade Practices Act ("DTPA"). The appellees are the retailer, Whitecap Investment Corporation, d/b/a Paradise Lumber ("Paradise"); the wholesaler, Putnam Lumber & Export Company and Putnam Family Properties, Inc. ("Putnam"); and the treatment company, Great Southern Wood Preserving, Inc. ("Great Southern").

The District Court granted summary judgment against Lucht and MRL on the basis that all claims were time-barred. We agree, except that we will review the tort claims under the gist of the action doctrine, and will affirm on that basis.

I.

A.

The underlying product at the heart of this dispute, the lumber, was pressure treated by Great Southern. It offers various services, one of which is called Yellawood and one designated as "Treatment Services Only" ("TSO"). Under the TSO process, Great Southern does not purchase the lumber

4

itself, but rather treats lumber purchased by the customer to the customer's requested treatment level. Great Southern does not test the lumber for retention or penetration levels when it fills a TSO lumber order. Yellawood is lumber that has been purchased and pressure treated by Great Southern. It is tested for retention and penetration levels and includes a warranty.

Great Southern supplied primarily TSO lumber to Putnam on a wholesale basis, order-by-order. The TSO lumber has a green tag. The appellees assert that the appellants purchased TSO lumber rather than Yellawood lumber, and Lucht stated on the record that he believes the tags on the lumber were green.

The lumber that the appellants purchased was for a home that MRL acquired in the Virgin Islands to serve as a vacation home for Lucht and a rental property for MRL. Lucht began renovating the home, a project which extended from 2002 to December 2006. As part of this project, Lucht added a deck which he constructed with pressure-treated lumber that was purchased from Paradise.

After finishing the deck, at the latest in December 2006, Lucht visited the home every three months. Lucht alleges that, starting in 2010, each time he visited the home he had to replace a few boards in the deck. A year after he started replacing the boards, in the fall of 2011, he asserts that he had a meeting with a carpenter friend who informed Lucht that he had been replacing bad lumber all over the island. Lucht contends that he then realized that the problem with his deck was widespread and would likely continue.

## B.

The appellants filed their complaint in this action in

5

the Virgin Islands Superior Court in February 2013. They amended their complaint on March 7, 2013. The appellees thereafter removed the case to the District Court of the Virgin Islands based on diversity jurisdiction. In addition, the appellees asserted various cross-claims against each other.

Putnam filed the first dispositive motion (pertinent to this appeal), requesting that the District Court dismiss the appellants' contract, breach of warranty, and DTPA claims. The District Court granted this motion.[1] Thereafter, Great Southern and Putnam filed motions for summary judgment, and Paradise joined in each motion. The appellees also filed motions for summary judgment on the cross-claims. The District Court granted the appellees' motions for summary judgment against appellants, dismissed the motions regarding the cross-claims as moot, and entered judgment in favor of the appellees.

The District Court found that the appellants' contract claims were time-barred because (1) they were subject to the U.C.C.'s four-year statute of limitations; (2) the discovery rule is inapplicable under the U.C.C.; and (3) the statute of limitations had thus expired in December 2010 prior to the filing of the complaint. Similarly, the District Court found the warranty claim was time-barred. As to the negligence and strict liability claims, the District Court found that although the applicable two-year statute of limitations is subject to the discovery rule, Lucht discovered the rotting lumber in 2010, his investigation of the issue was insufficient, and he was therefore ineligible for tolling of the limitations period. Finally, the District Court found that the DTPA claims were subject to the two-year statute of limitations in the version of the DTPA in place at the time of filing the complaint, rather

---

[1] The appellants have not appealed that decision.

than under the amended statute (which provided a six-year statute of limitations) because the claims accrued at or before the time of purchase in 2006. Accordingly, the District Court held that the DTPA claims were time-barred.

The appellants timely appealed the District Court's dismissal.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332(a) and 48 U.S.C. §§ 1612(a) and 1613 because the parties meet the requirements for diversity jurisdiction. This Court has appellate jurisdiction under 28 U.S.C. § 1291.[2] The appellants appealed only the District Court's order granting summary judgment. We apply "a plenary standard in reviewing orders entered on motions for summary judgment, applying the same standard as the District Court." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). We must therefore consider "whether there are any genuine issues of material fact such that a reasonable jury could return a verdict for the [appellants]." *Banks v. Int'l Rental &*

---

[2]Although we recently determined that our jurisdiction over cases arising from the Virgin Islands District Court has been altered by the 1984 Revised Organic Act and the 1990 amendment by the Virgin Islands legislature to 4 V.I. Code § 76(a), we also indicated that there was "no reason not to incorporate the federalism principles applicable throughout the circuit into our relationship with the Virgin Islands courts" and to act otherwise would "subvert[] the dual aims of *Erie* [*R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)]." *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 360–61 (3d Cir. 2007). Thus, jurisdiction is proper in this action as the parties are diverse. *Id.*

7

*Leasing Corp.*, 680 F.3d 296, 297 n.1 (3d Cir. 2012). In doing so, we must apply the substantive laws of the Virgin Islands, including its statutes of limitations. *HOVENSA*, 497 F.3d at 360 ("The fact that the District Court of the Virgin Islands is an Article IV court rather than an Article III court does not preclude the application of *Erie*.").

The appellees have advanced some arguments that were not relied upon by the District Court in granting summary judgment. The appellants argue that this Court should not consider any grounds other than those considered by the District Court. *New Castle Cty. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 174 F.3d 338, 342 (3d Cir. 1999) ("[A]s a general rule, we will consider only issues passed upon by the court below."). However, "[i]nasmuch as our review is plenary, 'we may affirm the District Court on any grounds supported by the record,' even if the court did not rely on those grounds." *Blunt*, 767 F.3d at 265 (quoting *Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir. 2000)). Accordingly, this Court may consider the other arguments that have been advanced by the appellees.

## III.

We will undertake a review of the appellants' claims in the order they appear in the appellants' amended complaint, starting with the breach of contract and warranty claims, moving next to the tort claims, and ending with the DTPA claims.

## A.

The appellants asserted two breach of contract claims—one against Putnam and one against Paradise—pursuant to the U.C.C. and common law; and a breach of warranty claim against all of the appellees. Common law contract and warranty claims have a six-year statute of

limitations under the Virgin Islands Code. V.I. Code tit. 5, § 31(3)(A). The parties agree that the discovery rule[3] is applicable to common law claims. The parties disagree, however, about whether the U.C.C. supplants the common law claims in this action and precludes the application of the discovery rule, which would in turn bar the appellants' claims. V.I. Code tit. 11A, § 2-725.

In order to apply the correct statute of limitations, we must first determine whether the appellants' common law claims may stand or are supplanted by the U.C.C. This will allow us to then determine the applicability of the discovery rule and apply the correct statute of limitations.

1.

In assessing whether the U.C.C. displaces a common law claim, this Court begins with two basic principles. First, the U.C.C. "must be liberally construed and applied to promote its underlying purposes and policies." V.I. Code tit. 11A, § 1-103(a); *N.J. Bank, N.A. v. Bradford Sec. Operations, Inc.*, 690 F.2d 339, 345 (3d Cir. 1982). Second, "[u]nless displaced by the particular provisions of [the U.C.C.], the principles of law and equity . . . supplement its provisions." V.I. Code tit. 11, § 1-103(b). Thus, the U.C.C. displaces the common law only "insofar as reliance on the common law would thwart the purposes of the Code." *N.J. Bank*, 690 F.2d at 346. Where the U.C.C. supplants common law contract claims, the common law action will be barred. *Id.*

---

[3]We have, at various times, described the discovery rule as postponing the accrual date of a cause of action or, more precisely, as tolling the running of the limitations period once the action has accrued. *See G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 613 n.10 (3d Cir. 2015).

9

We must decide whether the Virgin Islands U.C.C. supplants the appellants' common law claims. The Virgin Islands Supreme Court has not spoken on this issue. Where this occurs, we are "required to predict how the Supreme Court of the Virgin Islands would decide an issue of territorial law, and should seek guidance from Superior Court decisions in undertaking this endeavor." *HOVENSA*, 497 F.3d at 361 n.3. The Superior Court of the Virgin Islands, however, "is not the highest court of the Territory [or] even an intermediate appellate court, but rather a trial court." *Id.* at 361. Accordingly, we are not bound by Superior Court decisions. *Id.*; *see also Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 465 (1967) ("[D]ecrees of lower state courts should be attributed some weight [but] the decision is not controlling where the highest court of the State has not spoken on the point." (internal quotation marks omitted)).

The parties have cited two Territorial Court decisions for their separate positions regarding the applicability of the U.C.C.'s statute of limitations. The Superior Court has subsumed the role of the Territorial Court and we will review those decisions as if they were decided by the Superior Court.

The Virgin Islands Territorial Court in *White v. S&E Bakery, Inc.*, 26 V.I. 87 (Terr. Ct. 1991), found that the plaintiff in that action could go forward with claims under both the U.C.C. and the common law statutes of limitation. *White*, 26 V.I. at 90. However, *White* has never been cited by any other Virgin Islands court, and the opinion did not address the purview of the U.C.C. Additionally, the plaintiff in *White* had filed his action within the four-year statute of limitations that is provided by the U.C.C., and thus the finding that the claim qualified under both statute of limitations was unnecessary. *Id.*

Six years earlier in *Fombrun v. Controlled Concrete Prods., Inc.*, 21 V.I. 578 (Terr. Ct. 1985), the Territorial Court addressed the purview of the U.C.C. and found that a contract for the sale of goods was supplanted by the U.C.C. *Id.* at 581–82. Although earlier, *Fombrun* provides a clearer analysis and the *White* court failed to cite it or discuss the prior holding in *Fombrun*.

Despite *Fombrun*'s persuasive qualities, these cases do not provide a clear picture of what the current law is on this issue as we would be forced to pick between two contradictory holdings—one of which failed to recognize that it was creating such a division. Thus, given that the Territorial Court decisions are not controlling on this Court because the Virgin Islands Supreme Court has not spoken on the subject, *Estate of Bosch,* 387 U.S. at 465, and no other Virgin Islands courts have cited either case (other than the District Court in citing *Fombrun*), we will have to look elsewhere to make our prediction.

Consequently, we will analyze the application of the U.C.C. by applying a plain meaning interpretation of whether lumber qualifies as a "good" to determine whether the appellants' common law contract and warranty claims should be supplanted by the U.C.C. *See In re Am. Home Mortg. Holdings, Inc.*, 637 F.3d 246, 254–55 (3d Cir. 2011). "Goods" are "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale." V.I. Code tit. 11A, § 2-105(1). The contracts at issue in this case are clearly governed by the U.C.C. The appellants allege that they had oral contracts, memorialized by invoices, with Putnam and Paradise, for the purchase of lumber. Lumber is a thing that is movable at the time of identification to the alleged contract for sale. Under a plain reading of the definition of "goods," lumber is included

11

and the appellants' claims fall within the purview of the U.C.C.[4]

This conclusion is bolstered by the purpose of the U.C.C. "[t]o introduce a uniform statute of limitations for sales contracts, thus eliminating jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale." V.I. Code tit. 11A, § 2-725 cmt. As such, failure to apply the U.C.C. in this situation would thwart the U.C.C.'s purpose to provide uniform limitations periods for claims involving contracts for the sale of goods, including lumber.

2.

Because the U.C.C. applies, we will now address the appellants' argument that the discovery rule applies to the U.C.C.

The Virgin Islands Code provides a six-year statute of limitations for actions involving a contract "except when, in special cases, a different limitation is prescribed by statute." V.I. Code tit. 5, § 31. The Virgin Islands U.C.C., on the other hand, provides that an action for breach of contract is subject

---

[4] The District Court similarly concluded that the U.C.C. statute of limitations governed the claims against all appellees for breach of warranty. The appellants do not argue on appeal that, because the bulk of the lumber shipped from Great Southern to Putnam was TSO lumber, the alleged contracts at issue were for services and not goods; instead, they argue that U.C.C. and common law contract claims may be asserted simultaneously. The argument that these contracts were for services is therefore waived, and we need not address it. *See*, *e.g.*, *In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003).

to a four-year statute of limitations. V.I. Code tit. 11A, § 2-725(1). This statute of limitations is restricted by the subsection that follows, subsection two, which provides that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. V.I. Code tit. 11A, § 2-725(2) (hereinafter referred to as "subsection two"). Subsection four of that provision, however, states that "[t]his section does not alter the law on tolling of the statute of limitations nor does it apply to causes of actions which have accrued before this title becomes effective." V.I. Code tit. 11A, § 2-275(4) (hereinafter referred to as "subsection four").

The appellants argue that, despite subsection two's instruction that the aggrieved party's knowledge is not to be considered, subsection four's pronouncement allows for the application of the discovery rule to U.C.C. claims. The appellees argue, and the District Court found, that subsection two prohibits the application of the discovery rule and subsection four refers to equitable tolling.

One Virgin Islands court has found that the discovery rule does not apply to the U.C.C. *Fombrun*, 21 V.I. at 582–83. This case is a Territorial Court case, however, and the court did not undergo a review of subsection two in conjunction with subsection four. The *Fombrun* court did not undertake a review of what comprises "the law on tolling." This Court must therefore interpret the statute to determine whether the discovery rule is applicable because neither the Virgin Islands legislature nor the Virgin Islands Supreme Court has provided the parameters for what constitutes "the law on tolling."

When interpreting a statute, this Court must give effect to the legislature's intent. *In re Am. Home Mortg.*, 637 F.3d at

13

254. This determination begins with the statute and if the text is plain, this Court need not inquire further. *Id.* at 255. If the legislature's intent is made plain, "it is unnecessary for us to refer to other canons of statutory construction, and indeed we should not do so." *Id.* at 254–55. Moreover, just because party opponents may "proffer different interpretations of the statutory language does not make the language ambiguous. It just makes the court's role difficult in deciding which interpretation is persuasive." *Id.* at 256.

Given the parties' differing interpretations, this Court must determine which interpretation of the two subsections is correct. We have indicated that both the discovery rule and equitable tolling require diligence on the part of the plaintiff with the potential consequence of losing the benefit of either doctrine.[5] The two doctrines differ, however, as to their purposes in application. *G.L.*, 802 F.3d at 613 n.10, 614 n.12 (citing *William A. Graham Co. v. Haughey*, 646 F.3d 138, 150 (3d Cir. 2011); *Oshiver*, 38 F.3d at 1390).

The discovery rule focuses on the plaintiff's knowledge of injury, whereas equitable tolling focuses on the time to bring an action despite discovery of the injury. *Id.* at 614 n.2. Given the difference between the two doctrines, the two § 2-725 subsections each stand alone, subsection two referring to the discovery rule and subsection four referring to equitable estoppel. Such a reading is consistent with this

---

[5] *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1390 (3d Cir. 1994) (citing *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d. Cir. 1988), *abrogated on other grounds by Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) (for the discovery rule); *Reeb v. Econ. Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975) (for equitable tolling)).

Court's preference to construe a statute in a way that gives meaning to all provisions. *Kendall v. Russell*, 572 F.3d 126, 143 (3d Cir. 2009) ("It is a well known canon of statutory construction that courts should construe statutory language to avoid interpretations that would render any phrase superfluous.").

Subsection two encompasses the discovery rule because it relies on the plaintiff's knowledge or imputed knowledge, coinciding with subsection two's prohibition on considering the "aggrieved party's lack of knowledge of the breach." V.I. Code tit. 11A, § 2-725(2). This leaves subsection four, which refers to "tolling", to be applied where equitable tolling is at issue. In contrast, reading the two subsections together as the appellants request would essentially read subsection two out of the statute, rendering the "phrase superfluous." *See Kendall*, 572 F.3d at 143; *see also Hull v. Eaton Corp.*, 825 F.2d 448, 456–57 (D.C. Cir. 1987) (finding that identical language of a statute was clear and weighed against the application of the discovery rule). Such a result is consistent with our prior holdings.

We have previously found the discovery rule inapplicable to conversion actions under Pennsylvania's U.C.C. *Menichini v. Grant*, 995 F.2d 1224, 1229–31 (3d Cir. 1993). In making that finding, our focus centered on the U.C.C.'s "objectives of negotiability, finality, and uniformity in commercial transactions." *Id.* at 1230. Similar objectives are found in the Virgin Islands U.C.C.'s official comment regarding the statute of limitations:

> [the purpose of this section is] [t]o introduce a uniform statute of limitations for sales contracts, thus eliminating jurisdictional variations and providing needed relief for

15

> concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred.

V.I. Code tit. 11A, § 2-725 cmt. In accordance with this focus, we find that the discovery rule does not apply to contract claims covered by the Virgin Islands U.C.C.

3.

Under the applicable four-year statute of limitations, the appellants' contract claims are time-barred. A claim for breach of contract accrues when the breach occurs. This precludes the consideration of the plaintiff's knowledge of the breach. *Id.* § 2-725(1). The appellants' contract claim is clearly time-barred as the breach of the contract occurred in December 2006, at the latest, when the last of the lumber was purchased from Paradise. As the appellants did not file this action until February 2013, the two contract claims fall outside of the four-year limitations period.

The breach of warranty claims are also time-barred. Where the underlying contract falls within the U.C.C., the warranty claim will also be subject to the U.C.C.'s application. *Id.* §§ 2-313, 2-314, 2-315 (referencing warranties in relation to the contract for the sale of goods to which they attach). A breach of warranty claim starts to accrue "when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.*; § 2-725.

16

The final tender of delivery of the lumber was made in December 2006, when the last lumber was bought for the renovation of the home. Thus, the warranty claim is time-barred if there is no explicit warranty extending to future performance of the lumber.

The term "explicit" under the U.C.C. is defined as "not implied merely or conveyed by implication; distinctly stated; plain in language; clear; not ambiguous; express; unequivocal" or "that which is so clearly or distinctly set forth that there is no doubt as to its meaning." *Jones & Laughlin Steel Corp. v Johns-Manville Sales Corp.*, 626 F.2d 280, 291 n.25 (3d Cir. 1980) (internal quotation marks and citation omitted). Moreover, the defendant's knowledge of the plaintiff's expectations or the possible reliance by the plaintiff on the defendant's expertise does not transform "representations regarding the performance of existing products . . . into explicit warranties of future performance." *Id.*

No reasonable jury could find, based on Lucht's statements during his deposition, that an explicit warranty of future performance was made. Lucht stated that he: (1) never had contact with or heard of Putnam or Great Southern prior to this suit, (2) was not told by any Paradise employee that the lumber was treated a certain way or that it would last for a certain amount of time, (3) did not request a specific type of treatment of the lumber and purportedly relied on the representation that the lumber was pressure treated, (4) could not recall exactly what the tags on the end of the individual pieces of lumber stated but remembered that the tags were green, and (5) did not receive a warranty or any other representations from Putnam. Great Southern also provided evidence that the Yellawood tags, which provide a limited warranty, are not green and that the majority of the lumber

17

sold to Putnam is TSO lumber, which has no warranty and has green tags. Additionally, the invoices from Paradise to Lucht do not state that Lucht received a warranty.

Lucht also stated in his deposition that he had no knowledge of whether his contractor informed Paradise that he needed a certain type of treated lumber or that he indicated at any time what type of lumber he needed when he picked up orders from Paradise. Lucht did state that he relied on Paradise to furnish the correct lumber, but he provided no evidence that suggests that his reliance was justified or that Paradise had reason to know of such reliance. Lucht indicated that he relied only on his architect to specify, and his contractor to pick, the correct type of lumber.

The appellees made no warranties. Given the record, there is no genuine issue of material fact that Lucht was given any type of explicit warranty of future performance.

The only other available avenue of recovery for the appellants would be equitable tolling under subsection four of the U.C.C.'s statute of limitations provision. The appellants, however, have failed to assert this argument in this appeal. Rather, the appellants focus on the discovery rule in their briefs and the only parties to address such an argument, interestingly, are the appellees. Accordingly, this Court will not consider this argument as it has been waived by the appellants. *In re Surrick*, 338 F.3d at 237 ("Failure to identify or argue [an] issue in [the] opening brief constitutes waiver of [an] argument on appeal.").

### B.

Three issues arose in the District Court regarding the appellants' tort claims, whether the claims were: (1)

18

precluded by the gist of the action doctrine, (2) timely filed, or (3) precluded by the economic loss doctrine. Because the appellants' tort claims are barred by the gist of the action doctrine, we will not undertake a review of the other two issues.

This Court has found that the gist of the action doctrine applies in Virgin Islands actions. *Addie v. Kjaer*, 737 F.3d 854, 868–69 (3d Cir. 2013). "[T]he 'gist of the action doctrine' bars plaintiffs from bringing a tort claim that merely replicates a claim for breach of an underlying contract." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 680 n.8 (3d Cir. 2002) (applying Pennsylvania law). "[W]hile the existence of a contractual relationship between two parties does not prevent one party from bringing a tort claim against another, the gist of the action doctrine precludes tort suits for the mere breach of contractual duties"; the plaintiff must instead point to "independent events giving rise to the tort." *Addie*, 737 F.3d at 865–66. "[T]he important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." *Bohler–Uddeholm Am., Inc. v Ellwood Grp. Inc.*, 247 F.3d 79, 103 (3d Cir. 2001) (quotation marks and citation omitted).

A claim arises from contract, rather than social policy, when it is one:

> (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract.

19

*Id.* at 866 (quoting *eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 19 (Pa. Super. Ct. 2002)).

The appellants assert that their tort claims are supported by the public policy that sellers have a duty not to distribute defective and unreasonably dangerous construction products. This public policy argument, however, runs counter to the gist of the action doctrine. The appellants' negligence and strict liability claims and alleged injuries arise solely from the allegation that the purchased lumber was not appropriately treated for use as building material in the Virgin Islands: a breach of a duty established, if at all, from a contract or warranty rather than a tort. The appellants have not asserted any other injury to themselves or to renters of the home. The appellants' tort claims "essentially duplicate [the] breach of contract claim[s]." *Jefferson v. Bay Isles Assoc., L.L.L.P.*, Civil No. ST-09-CV-186, 2011 WL 3853332, 59 V.I. 31 at *10 (Super. Ct. Feb. 1, 2011) (quoting *eToll*, 811 A.2d at 19). As a result, the appellants' tort claims are barred by the gist of the action doctrine.

## C.

The appellants' DTPA claim against Putnam was previously dismissed and was not appealed. The only DTPA claims pending on appeal are those against Great Southern and Paradise. Those claims are time-barred.

The appellants assert that the DTPA's six-year statute of limitations, which went into effect in October 2013, rather than the two-year statute of limitations that was in place at the time their complaint was filed in February 2013, applies. The appellants' assertion is incorrect.

The appellants argue that the six-year statute of

limitations applies because the Virgin Islands legislature voiced social policy concerns in the amendment's bill. The text of the bill indicates that the legislature was concerned that other states "provide greater protection to their citizens and businesses while the laws of the Virgin Islands fail to give the same strong protections and remedies." Bill No. 30-0123, 30th Leg., Reg. Sess. (V.I. 2013).

There is a presumption against applying legislation that would revive otherwise untimely claims. This presumption is based on the principle "that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 855 (1990) (Scalia, J., concurring); *see also Vartelas v. Holder*, 132 S. Ct. 1479, 1486 (2012); *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 196 (3d Cir. 2007), *as amended* (Nov. 20, 2007). In applying this presumption, we are guided by:

> a two-part test for determining whether a particular statute applies retroactively. At the first stage, a court must determine if Congress has expressly prescribed the statute's intended reach. If Congress has done so, the inquiry ends . . . If the statute is ambiguous or contains no express command, a court must examine whether the statute would have an adverse effect if it were held to be retroactive; that is to say, "whether it would . . . increase a party's liability for past conduct . . . ."

*Lieberman v. Cambridge Partners, LLC*, 432 F.3d 482, 488–89 (citation omitted) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994)).

The language used by the Virgin Islands legislature and cited by the appellants does not meet the first step of the *Lieberman* test. A social policy concern that consumers be protected does not meet the specificity requirement that a legislature enunciate an express and unambiguous intent that expired claims should be revived. Thus, the appellants' DTPA claims are subject to the two-year statute of limitations unless the second *Lieberman* step is met.

The DTPA statute of limitations began "running from the date the violation of the statute occurred, not the date the violation was discovered." *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 214 (3d Cir. 2002). Each DTPA claim that the appellants have asserted and the applicable DTPA enumerated prohibited activities—misrepresentation of the quality or standard of the goods, or misrepresentation of a material fact or failing to state a material fact "if such use deceives or tends to deceive"—involve pre-sale conduct. *See* V.I. Code tit. 12A, § 102; App. at 122–23 (appellants' DTPA claims only allege pre-sale conduct). Any DTPA violation therefore occurred at the latest in December 2006 when the last of the allegedly defective lumber was purchased.

Consequently, retroactively applying the six-year statute of limitations period would impermissibly increase the appellees' liability. *See Lieberman*, 432 F.3d at 492 (explaining that "resurrection of previously time-barred claims 'increases a party's liability' by abolishing complete defense to a suit" (quoting *In re Enter. Mrtg. Acceptance Co., LLC Sec. Litig.*, 391 F.3d 401, 409-10 (2d Cir. 2005)). Because the *Lieberman* test is not met, the appellants had to file by December 2008 under the two-year statute of limitations. They failed to do so and their DTPA claims are

time-barred.[6]

## IV.

For the reasons set forth above, we will affirm the order of the District Court.

---

[6] Moreover, even if we were to apply the six-year statute of limitations, which we have found does not apply, the appellants' DTPA claims are time-barred.